RE: STATE QUESTION 640'S EFFECT ON THE HEAT COMMISSION'S AUTHORITY TO INCREASE FEES AND/OR ELIMINATE THE REFUND OF SAID FEES.
ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING THE EFFECT OF THE PASSAGE OF STATE QUESTION 640 ON THE FEES COLLECTED ON WHEAT BY THE OKLAHOMA WHEAT COMMISSION. DUE TO THE NUMBER AND FACTUAL SPECIFICITY OF YOUR QUESTIONS, I WILL ANSWER EACH QUESTION SERIALLY.
1. DO CHANGES (I.E. INCREASES) IN THE FEE ON WHEAT COLLECTED PURSUANT TO 2 O.S. 1030 (1991) NEED TO BE SUBMITTED TO A VOTE OF THE PEOPLE IN THE WAKE OF STATE QUESTION 640?
THE OKLAHOMA WHEAT COMMISSION RECEIVES FEES ON WHEAT RAISED IN OKLAHOMA PURSUANT TO 2 O.S. 1030 WHICH PROVIDES:
 "A. THERE IS HEREBY ASSESSED A FEE OF THREE FOURTHS CENT (0.0075) PER BUSHEL UPON ALL WHEAT MARKETED BY WHEAT PRODUCERS, AS DEFINED HEREIN, IN THE STATE OF OKLAHOMA AND SOLD THROUGH COMMERCIAL CHANNELS, BEGINNING NINETY (90) DAYS AFTER THIS ACT SHALL BECOME EFFECTIVE. THE FEE IS ASSESSED AND IMPOSED ON THE PRODUCER AT THE TIME OF SALE OR DELIVERY, AND SHALL BE COLLECTED AND REMITTED BY THE FIRST PURCHASER TO THE COMMISSION. UNDER THE PROVISIONS OF THIS ACT, NO WHEAT SHALL BE SUBJECT TO A FEE MORE THAN ONCE."
LEGISLATION AUTHORIZING THIS TYPE OF FEE WAS FIRST PASSED IN 1964. THAT ACT WAS FOUND TO BE UNCONSTITUTIONAL DUE TO AN EXEMPTION ALLOWED FOR COUNTIES WITH LESS THAN 10,000 IN POPULATION. HOWEVER, THE OKLAHOMA SUPREME COURT DID HOLD THAT THIS TYPE OF FEE WAS A TAX IN OLUSTEE CO-OPERATIVE ASSOCIATION V. OKLAHOMA WHEAT UTILIZATION RESEARCH AND MARKET DEVELOPMENT COMMISSION, 391 P.2D 216 (1964). THE PROMOTIONAL FEE WAS RECOGNIZED AS A TAX IN A PREVIOUS ATTORNEY GENERAL'S OPINION, AS WELL. A. G. OPIN. NO. 79-263.
ON MARCH 10, 1992, STATE QUESTION 640 WAS APPROVED BY THE VOTERS OF OKLAHOMA, THEREBY AMENDING ARTICLE V, SECTION 33
ARTICLE V OF THE OKLAHOMA CONSTITUTION BY ADDING THE FOLLOWING LANGUAGE:
 "C. ANY REVENUE BILL ORIGINATING IN THE HOUSE OF REPRESENTATIVES SHALL NOT BECOME EFFECTIVE UNTIL IT HAS BEEN REFERRED TO THE PEOPLE OF THE STATE AT THE NEXT GENERAL ELECTION HELD THROUGHOUT THE STATE AND SHALL BECOME EFFECTIVE AND BE IN FORCE WHEN IT HAS BEEN APPROVED BY A MAJORITY OF THE VOTES CASE ON THE MEASURE AT SUCH ELECTION AND NOT OTHERWISE, EXCEPT AS OTHERWISE PROVIDED IN SUBSECTION D OF THIS SECTION.
 D. ANY REVENUE BILL ORIGINATING IN THE HOUSE OF REPRESENTATIVES MAY BECOME LAW WITHOUT BEING SUBMITTED TO A VOTE OF THE PEOPLE OF THE STATE IF SUCH BILL RECEIVES THE APPROVAL OF THREE-FOURTHS (3/4) OF THE MEMBERSHIP OF THE HOUSE OF REPRESENTATIVES AND THREE FOURTHS (3/4) OF THE MEMBERSHIP OF THE SENATE AND IS SUBMITTED TO THE GOVERNOR FOR APPROPRIATE ACTION. ANY SUCH REVENUE BILL SHALL NOT BE SUBJECT TO THE EMERGENCY MEASURE PROVISION AUTHORIZED IN ARTICLE V, SECTION 58 OF THE ARTICLE AND SHALL NOT BECOME EFFECTIVE AND BE IN FORCE UNTIL NINETY DAYS AFTER IT HAS BEEN APPROVED BY THE LEGISLATURE, AND ACTED ON BY THE GOVERNOR."
A. G. OPIN. NO. 83-201 DISCUSSES THE REQUIREMENTS NECESSARY FOR A BILL TO CONSTITUTE A " REVENUE RAISING " OR " REVENUE " BILL. THE FACT THAT THE PROMOTIONAL FEE HAS BEEN DETERMINED TO BE A TAX POINTS TOWARD TREATING A FEE INCREASE AS "REVENUE RAISING". HOWEVER, ANY ANALYSIS OF THE ISSUE REQUIRES EXAMINATION OF A PARTICULAR BILL. THEREFORE, YOUR QUESTION CANNOT BE ANSWERED DEFINITIVELY.
2. WOULD A VOTE (IF REQUIRED) BE CONDUCTED TO INCLUDE ONLY THOSE SUBJECT TO THE FEE (I.E. WHEAT PRODUCERS) OR WOULD THE QUESTION BE PUT TO A VOTE OF ALL OKLAHOMA VOTERS?
IF THE LEGISLATION PROPOSING AN INCREASE IN THE AMOUNT OF THE PROMOTIONAL FEE COLLECTED BY THE OKLAHOMA WHEAT COMMISSION WERE DETERMINED TO BE A "REVENUE BILL", ARTICLEV, SECTION 33 OF THE OKLAHOMA CONSTITUTION DOES NOT APPEAR TO AUTHORIZE ANYTHING OTHER THAN A GENERAL ELECTION IN WHICH IN ALL REGISTERED VOTERS MAY PARTICIPATE. TITLE 2 O.S 1031 DOES AUTHORIZE WHEAT PRODUCERS TO PETITION FOR A REFERENDUM TO DETERMINE IF THE ASSESSMENT SHOULD BE CONTINUED, BUT IT DOES NOT GIVE ANY AUTHORITY TO RAISE THE AMOUNT OF THE FEE.
3. WOULD LEGISLATIVE ACTION TO DELETE THE WHEAT CHECKOFF REFUND PROVISION, 2 O.S. 1035, THEREBY MAKING THE CHECKOFF MANDATORY, REQUIRE RATIFICATION BY VOTERS IN THE WAKE OF STATE QUESTION 640?
THE OKLAHOMA SUPREME COURT HAS PREVIOUSLY DETERMINED THAT LEGISLATION AMENDING A STATUTE TO ELIMINATE AN EXEMPTION BUT NOT INCLUDING A PROVISION FOR LEVYING ANY TAXES DOES NOT CONSTITUTE A " REVENUE BILL ". LEVERIDGE V. OKLAHOMA TAX COMMISSION, 294 P.2D 809 (1956). WHETHER OR NOT THE COURT WOULD TREAT A REFUND IN THE SAME WAY AS AN EXEMPTION IS UNCERTAIN, BUT THE TWO ARE ANALOGOUS. ANY DETERMINATION WOULD ALSO REQUIRE AN ANALYSIS OF THE ACTUAL LEGISLATION PROPOSED AND CANNOT BE ANSWERED IN THE ABSTRACT.
I REMIND YOU THAT A REVENUE BILL NEED NOT BE SUBMITTED TO A VOTE OF THE PEOPLE IF IT RECEIVES THE APPROVAL OF THREE-FOURTHS OF THE MEMBERSHIP OF THE HOUSE OF REPRESENTATIVES AND THREE-FOURTHS OF THE SENATE.
(LESLIE ANNE COLLUM)